T.C. Summary Opinion 2002-132

UNITED STATES TAX COURT

BASSAM J. ABDALLAH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13619-01S.          Filed October 8, 2002.

<u>Jonathan P. Decatorsmith</u> and William J. Broderick (specially recognized), for petitioner.

<u>William I. Miller</u> and <u>David Weiner</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $3,311 in petitioner's 1998 Federal income tax arising from petitioner's failure to pay self-employment tax. The issue is whether petitioner is exempt from self-employment tax under section 1402(e). Petitioner resided in Hammond, Indiana, at the time the petition was filed.

Petitioner earned a Master of Divinity degree in December of 1976 from the Lutheran School of Theology in Chicago. In 1977, petitioner was ordained into the ministry by the Evangelical Lutheran Church in America. Since his ordination, he served as a minister of the Redeemer Lutheran Church in Bryant, Indiana.

Based on his religious beliefs and principles, petitioner conscientiously objects to accepting public insurance. Thus, in March of 1977, petitioner obtained a Form 4361, Application for Exemption from Self-employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners, from the Internal Revenue Service in Muncie, Indiana. Petitioner completed and signed the Form 4361 in the presence of witnesses.

Petitioner mailed the Form 4361 to the Internal Revenue Service in Cincinnati, Ohio. Respondent has no record that Form 4361 was filed. Petitioner does not have a copy of the completed Form 4361. The General Instructions on Form 4361, Part G, state: "Mail your application to the Internal Revenue Service Center for the place where you live." The instructions directed petitioner,

a resident of Indiana, to mail Form 4361 to the Internal Revenue Service Center in Memphis, Tennessee.

The first 2 years petitioner had net self-employment earnings of $400 or more for services he provided as a minister were 1978 and 1979. Petitioner has not paid self-employment taxes on his ministerial earnings since he filed the Form 4361 in 1977. Instead, he has relied on his investments with the Board of Pensions of the Evangelical Lutheran Church in America to provide for his retirement.

Section 1401(a) imposes a tax on the self-employment income of a taxpayer. Section 1402(e)(1), however, provides:

> (1) Exemption.--Subject to paragraph (2), any individual who is (A) a duly ordained, commissioned, or licensed minister of a church * * * upon filing an application (in such form and manner, and with such official, as may be prescribed by regulations made under this chapter) together with a statement that either he is conscientiously opposed to, or because of religious principles he is opposed to, the acceptance (with respect to services performed by him as such minister, member, or practitioner) of any public insurance which makes payments in the event of death, disability, old age, or retirement * * * and in the case of an individual described in subparagraph (A), that he has informed the ordaining, commissioning, or licensing body of the church or order that he is opposed to such insurance, shall receive an exemption from the tax imposed by this chapter with respect to services performed by him as such minister, member, or practitioner. * * *

The exemption must be filed no later than "the due date of the return (including any extension thereof) for the second taxable year for which he has net earnings from self-employment * * * of $400 or more". Sec. 1402(e)(3)(A). Section 1.1402(e)-

2A(a)(1), Income Tax Regs., provides: "Such a request shall be made by filing an application for exemption on Form 4361".

The parties agree that petitioner is a minister who qualifies for exemption under section 1402(e). The parties further agree that, if Form 4361 was filed, the filing was timely. The issue is whether petitioner filed a Form 4361 in 1977.

We found petitioner's evidence that he had filed for an exemption to be particularly credible. His testimony concerning the filing of the Form 4361 was straightforward and plausible. Further, his testimony was buttressed by the written statement of a witness who observed petitioner complete and sign the Form 4361 in 1977.[2]

With regards to whether the application was approved by respondent, as required by the regulations, see section 1.1402(e)-2A(c), Income Tax Regs., we believe that such approval must have been given.[3] Petitioner consistently has not paid self-employment taxes on his ministerial earnings since 1977. While we reject any argument concerning estoppel against respondent, it seems highly peculiar that, if the approval had

---

[2] Technically, the statement is hearsay. See Fed. R. Evid. 802. However, respondent has not raised an objection, and the statement definitely has probative value. See Rule 177.

[3] While petitioner could not produce a copy of the application, we note that neither sec. 1402(e), sec. 6001 (pertaining to required records), nor the applicable regulations require petitioner to retain such a copy.

not been given, petitioner would have filed for 21 years as being exempt without some dispute.  Rather, it seems more likely that his file was misplaced at some point in time.  Thus, we find that petitioner prepared and filed the Form 4361 in 1977.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner.</u>